CILENTI & COOPER, PLLC
Giustino (Justin) Cilenti (GC2321)
200 Park Avenue – 17th Floor
New York, New York 10166
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------------------X

RUFINO DE JESUS, on behalf of himself and others
similarly situated,

                                Plaintiff,

       -against-

IL CANTINA LLC d/b/a BISTRO 107 CUCINA
ITALIANA, MUSA VUKAJ, and RESIT VUKAJ,

                           Defendants.

-----------------------------------------------------------------------X

Case No.    22-CV-424

FLSA COLLECTIVE
ACTION COMPLAINT

**Jury Trial Demanded**

Plaintiff RUFINO DE JESUS ("Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against defendants IL CANTINA LLC d/b/a BISTRO 107 CUCINA ITALIANA ("IL CANTINA LLC"), MUSA ("Mike") VUKAJ, and RESIT ("Richie") VUKAJ (the "Individual Defendants") (IL CANTINA LLC and the Individual Defendants are collectively referred to herein as the "Defendants"), and states as follows:

## INTRODUCTION

1.    This is an action brought by Plaintiff on his own behalf and on behalf of all other similarly situated employees, alleging violations of the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), the New Jersey State Wage Payment Law ("NJSWPL"), N.J.S.A. §§ 34:11-4.1 *et seq.*, and the New Jersey Wage and Hour Law and Regulations

("NJWHLR"), N.J.S.A. §§ 34:11-56a *et seq.*, (collectively, the "Labor Laws") arising from Defendants' failure to pay non-exempt employees at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked over forty (40) hours per workweek.

2.     Upon information and belief, for more than three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed widespread violations of the Labor Laws by engaging in a pattern and practice of failing to pay its employees, including Plaintiff, minimum wages and overtime compensation at the statutory rate of time and one-half for all hours worked above forty (40) hours in a workweek.

3.     Plaintiff alleges that, pursuant to the FLSA, he is entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

4.     Plaintiff further alleges that, pursuant to the NJSWPL and NJWHLR, he is entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) liquidated damages, (d) pre-judgment and post-judgment interest, and (e) attorneys' fees and costs.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

7.     Plaintiff is a resident of New York County, New York.

8.     Defendant, IL CANTINA LLC, is a domestic business corporation organized under the laws of the State of New Jersey, with a principal place of business located at 107 Moonachie Road, Moonachie, New Jersey 07074.

9.     Defendant, IL CANTINA LLC, owns and operates an Italian restaurant, doing business as Bistro 107 Cucina Italiana, located at 107 Moonachie Road, Moonachie, New Jersey 07074 (the "Restaurant").

10.     The Individual Defendants are shareholders, owners, officers, directors and managing agents of IL CANTINA LLC who participate in the day-to-day operations of the Restaurant and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the NJWHLR, N.J.S.A. § 34:11-56a(1)(g), and are jointly and severally liable with IL CANTINA LLC.

11.     The Individual Defendants exercised control over the terms and conditions of their employees' employment in that they have the power and authority to and do in fact: (i) hire and fire employees, (ii) determine rates and method of pay, (iii) determine work schedules and hours worked, (iv) supervise and control the work of employees, and (v) create and maintain employment records.

12.     Upon information and belief, during each of the most recent three (3) years, IL CANTINA LLC was and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials

that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

13.    Plaintiff worked for Defendants' Restaurant as a non-exempt dishwasher from on or about October 2, 2020 through on or about January 2, 2022.

14.    Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned minimum wages in direct contravention of the Labor Laws.

15.    Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the Labor Laws.

16.    Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

17.    The Individual Defendants are present at the Restaurant every day and actively participate in the day-to-day operation of the Restaurant. For instance, the Individual Defendants are not only considered the bosses, they hire and fire employees, work alongside the employees, supervise and direct the work of the employees, and instruct all employees how to perform their jobs.

18.    In addition, the Individual Defendants create, implement, and approve all crucial business policy. This includes, among other things, decisions concerning the number of hours the employees are required to work, and the amount and method by which the employees are paid.

19.    On or about October 2, 2020, Defendants hired Plaintiff to work at the Restaurant as a non-exempt dishwasher.

20.    Neither at the time of hire nor at any time thereafter did Defendants provide Plaintiff with a written notice from the New Jersey Department of Labor that provides employees with information about state wage and hour laws.

21.    Plaintiff worked for Defendants in that capacity until on or about January 2, 2022.

22.    Plaintiff worked over forty (40) hours per week.

23.    From the beginning of his employment and continuing through in or about February 2021, Plaintiff worked five (5) days per week and his work shift consisted of eleven and one-half (11½) hours per day on Wednesday and Thursday from 11:00 a.m. until 10:30 p.m.; twelve and one-half (12½) hours on Friday from 11:00 a.m. until 11:30 p.m.; eleven and one-half (11½) hours on Saturday from 12:00 p.m. until 11:30 p.m.; and ten and one-half (10½) hours on Sunday from 12:00 p.m. until 10:30 p.m.

24.    During this period, Plaintiff was not paid proper minimum wages or overtime compensation.  During this period, Plaintiff was paid at the rate of $450 per week straight time for all hours worked and worked fifty-seven and one-half (57½) hours per week.  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

25.    Beginning in or about March 2021 and continuing through the remainder of his employment on or about January 2, 2022, Plaintiff worked six (6) days per week and his work shift consisted of eleven and one-half (11½) hours per day on Tuesday, Wednesday and Thursday from 11:00 a.m. until 10:30 p.m.; twelve and one-half (12½) hours on Friday from 11:00 a.m. until 11:30 p.m.; eleven and one-half (11½) hours on Saturday from 12:00 p.m. until 11:30 p.m.; and ten and one-half (10½) hours on Sunday from 12:00 p.m. until 10:30 p.m.

26.     Beginning in or about March 2021 and continuing through in or about August 2021, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the rate of $550 per week straight time for all hours worked and worked sixty-nine (69) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

27.     Beginning in or about September 2021 and continuing through the remainder of his employment on or about January 2, 2022, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the rate of $600 per week straight time for all hours worked and worked sixty-nine (69) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

28.     Defendants knowingly and willfully failed to pay Plaintiff and other similarly situated employees their lawfully earned minimum wages in direct contravention of the Labor Laws.

29.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New Jersey State overtime rate (of time and one-half), in direct violation of the Labor Laws.

30.     At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient wage and hour records.

## **COLLECTIVE ACTION ALLEGATIONS**

31.     Plaintiff brings this action individually and as class representative on behalf of himself and all other current and former non-exempt employees who have been or were employed by Defendants since January 27, 2019 until the close of the opt-in period as ultimately set by the Court (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum wage and/or less than the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

32.     Upon information and belief, the collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than twenty (20) Collective Action Members who worked for Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.  Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

33.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation.  Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

34.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the

interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

35.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

36.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

<div style="margin-left:2em">

a.     Whether Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

b.     Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

c.     What proof of hours worked is sufficient where the employer fails in its duty to maintain wage and hour records;

d.     Whether Defendants failed to pay Plaintiff and the Collective Action Members minimum wages, in violation of the FLSA and the regulations promulgated thereunder;

</div>

e.     Whether Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

f.     Whether Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

g.     Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursements and attorneys' fees.

37.     Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

38.     Plaintiff and others similarly situated have been substantially damaged by Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

39.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "38" of this Complaint as if fully set forth herein.

40.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9

41.     At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

42.     Upon information and belief, at least within each of the three (3) most recent years, IL CANTINA LLC has had gross revenues in excess of $500,000.

43.     Plaintiff and the Collective Action Members worked hours for which they were not paid the statutory minimum wage.

44.     Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and the Collective Action Members for hours worked.

45.     Defendants failed to pay Plaintiff and the Collective Action Members minimum wages in the lawful amount for hours worked.

46.     Plaintiff and the Collective Action Members were entitled to be paid at the statutory rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

47.     Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the minimum hours provided for in the FLSA.

48.     At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 207(a)(1) and 215(a).

49.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the statutory minimum wage rate and at the statutory overtime rate of time and one-half for all hours

worked in excess of forty (40) hours per week when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiff and the Collective Action Members.

50.    Defendants have failed to make, record, report, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215 (a).

51.    Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

52.    As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

53.    Due to Defendants' intentional, willful and unlawful acts, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, plus an equal amount as liquidated damages, and prejudgment interest thereon.

54.    Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

### COUNT II
### [Violation of the New Jersey State Wage Payment Law and the New Jersey Wage and Hour Law]

55.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "54" of this Complaint as if fully set forth herein.

56.    At all relevant times, Plaintiff was employed by Defendants within the meaning of the New Jersey Wage and Hour Law, N.J.S.A. §§ 34:11-4.1(b), 34:11-56a(1)(g).

57.    Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

58.    Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than time and one-half for all hours worked in excess of forty (40) hours in a workweek in violation of N.J.S.A. § 34:11-56a4.

59.    Defendants knew of and/or showed a willful disregard for the provisions of the NJWHLR as evidenced by their failure to pay Plaintiff his lawful minimum wages and overtime compensation for all hours worked when they knew or should have known such was due.

60.    Defendants' actions were willful and not in good faith within the meaning of N.J.S.A. §§ 34:11-56a25.2.

61.    Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of N.J.S.A. § 34:11-56a20, N.J.A.C. §§ 12:56-4.1, 12:56-4.2.

62.    Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the N.J.A.C. § 12:56-4.4.

63.    Plaintiff suffered, is now suffering, and will continue to suffer irreparable injury and monetary damages as a result of Defendants' acts.

64.    Plaintiff is entitled to recover from Defendants his unpaid minimum wages and overtime compensation, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to N.J.S.A. 34:11-56.8.

65.    Plaintiff is entitled to liquidated damages of 200% of the underpayment pursuant to N.J.S.A. §§ 34:11-56.8, 34:11-56a24(a), 34:11-56a25.

### PRAYER FOR RELEIF

WHEREFORE, Plaintiff RUFINO DE JESUS, on behalf of himself all other similarly situated Collective Action Members, respectfully request that this Court grant the following relief:

(a)    An award of unpaid minimum wages due under the FLSA, and New Jersey Wage and Hour Law;

(b)    An award of unpaid overtime compensation due under the FLSA and New Jersey Wage and Hour Law;

(c)    An award of liquidated damages as a result of the Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(d)    An award of liquidated damages as a result of the Defendants' failure to pay minimum wages and overtime compensation pursuant to the New Jersey Wage and Hour Law;

(e)    An award of prejudgment and post-judgment interest;

(e)    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and,

(f)    Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by

jury on all issues.

Dated: New York, New York
      January 27, 2022

                     Respectfully submitted,

                     CILENTI & COOPER, PLLC
                     *Attorneys for Plaintiff*
                     200 Park Avenue – 17th Floor
                     New York, New York 10166
                     T. (212) 209-3933
                     F. (212) 209-7102

By: _____
              Giustino (Justin) Cilenti (GC2321)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, Rufino de Jesus, am an individual currently or formerly employed by Bistro 107 Cucina Italiana and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
        January 3, 2022

Rufino de Jesus